IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK DESMOND ADCOCK,

     Petitioner,                   No. 2:10-cv-0705-GEB-JFM (HC)

     vs.

BRIAN HAWS, *Warden*,

     Respondent.               <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has also filed a motion for an evidentiary hearing. Petitioner asserts that a hearing is necessary because he was unable to develop the factual basis of his claim in state court and the hearing will provide him with the opportunity to conduct discovery to prove his innocence. Respondent has not filed an opposition.

        "Rule 7 of the Rules Governing § 2254 cases allows the district court to expand the record without holding an evidentiary hearing." <u>Cooper-Smith v. Palmateer</u>, 397 F.3d 1236, 1241 (9th Cir. 2005) (citation omitted). "However, before the record may be supplemented with new evidence, a petitioner must meet the same standard that is required for an evidentiary hearing. In order to be awarded an evidentiary hearing, a petitioner must either: (1) satisfy the requirements of 28 U.S.C. § 2254(e), or (2) show that he 'exercised diligence in his efforts to develop the factual basis of his claims in state court proceedings.' " <u>Libberton v. Ryan</u>, 583 F.3d

1147, 1165 (9th Cir. 2009) (citations omitted); see also Holland v. Jackson, 542 U.S. 649, 652-53 (2004).

      Here, petitioner has neither satisfied the requirements of 28 U.S.C. § 2254(e) nor shown diligence in his efforts to develop the factual basis of his claims in state court. Accordingly, petitioner's motion for an evidentiary hearing will be denied.

DATED: January 27, 2011.

                                      _____
                                      UNITED STATES MAGISTRATE JUDGE

/014;adco0705.evidhrg